**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION**

APRIL L. CANTERBURY, ADMINISTRATRIX
OF THE ESTATE OF CHRISTOPHER
CANTERBURY, DECEASED,

    Plaintiff,

v.                                                      CIVIL CASE NO: 2:21-cv-00017
                                                              (Judge Thomas E. Johnston)

FCA US LLC f/k/a CHRYSLER GROUP,
LLC

And

DUTCH MILLER OF CHARLESTON, INC.
d/b/a DUTCH MILLER CHRYSLER
DODGE JEEP RAM,

    Defendants.

**DEFENDANT, DUTCH MILLER OF CHARLESTON INC.'S
MEMORANDUM OF LAW IN SUPPORT OF ITS
<u>MOTION TO DISMISS</u>**

Defendant, Dutch Miller of Charleston, Inc. d/b/a Dutch Miller Chrysler Dodge Jeep Ram ("DMOC" or "Defendant"), by and through the undersigned counsel, and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully submits this memorandum of law in support of its Motion to Dismiss Plaintiff's claims against DMOC, with prejudice.

**I.    BACKGROUND**

This is a product liability case arising from a single vehicle crash involving a 2019 Dodge Ram that was driven off the edge of a hillside after the driver, Christopher Canterbury, was attempting to navigate a narrow section of driveway. Compl. ¶ 13 (Doc. 1-1). Plaintiff, April L. Canterbury, acting as the qualified Administrator of Christopher Canterbury's estate, alleges that Christopher Canterbury was fatally injured when the vehicle slipped off the edge of driveway

causing it to slide down a steep embankment and roll at least twice. *Id.* ¶¶ 13-15. Plaintiff contends that DMOC is liable to Plaintiff on two counts: Strict Liability – Wrongful Death (Count IV) and Strict Liability – Negligence (Count V). *See* Compl. at Counts IV and V.

On January 7, 2020, co-defendant, FCA US LLC ("FCA US"), filed a Notice of Removal (Doc. 1) with this Court pursuant to 28 U.S.C. §§1332, 1441, and 1446. In support of removal, FCA US argued that DMOC was fraudulently joined in this action in an attempt to defeat diversity jurisdiction. DMOC hereby incorporates the arguments and evidence set forth in FCA US's Notice of Removal (Doc. 1), as if fully restated herein.

Plaintiff's claims against DMOC should be dismissed with prejudice because Plaintiff fraudulently joined DMOC in an effort to defeat the diversity jurisdiction of this Court and because Plaintiff's Complaint fails to state a "claim upon which relief can be granted." Fed. R. Civ. Pro. 12(b)(6). Indeed, as discussed in more detail below, Plaintiff's vague and implausible allegations against DMOC fail because West Virginia's "Innocent Seller" statute prohibits a cause of action against a seller of a product, here DMOC, except under narrow exceptions, none of which are alleged in Plaintiff's Complaint. W. Va. Code §55-7-31(b).

## II. STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move to dismiss claims against it if the same fails "to state a claim upon which relief can be granted."[1] A motion under Rule 12(b)(6) functions to test the formal sufficiency of the statement of the claim for relief and is not a procedure for resolving a contest about the facts and merits of the case. *See Henegar*

---

[1] "A district court applies the federal pleading standard to all removed claims, including claims brought under state law. *Acey v. Bob Evans Farms, Inc.*, No. 2:13-cv-04916, 2014 U.S. Dist. LEXIS 32462, at *4-5 (S.D. W. Va. Mar. 13, 2014) (citing Fed. R. Civ. P. 81(c)(1)).

*v. Sears, Roebuck, & Co.*, 965 F.Supp. 833 (N.D.W. Va. 1997). In order for a claim to survive a Rule 12(b)(6) challenge, the Court must look for "plausibility" in the complaint. *Hoback v. Cox*, No. 3:19-0460, 2020 U.S. Dist. LEXIS 81961, at *6 (S.D.W. Va. May 11, 2020) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007)).

"The plausibility standard requires a plaintiff to demonstrate more than a sheer possibility that a defendant has acted unlawfully. It requires the plaintiff to articulate facts, when accepted as true, that show that the plaintiff has stated a claim entitling him to relief, i.e. the plausibility of entitlement to relief." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557 (internal quotations omitted)); *Twombly,* 550 U.S. at 555 (The showing of an "entitlement to relief" must amount to "more than labels and conclusions . . . ."). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Francis*, 588 F.3d at 193, (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, at 679 (2009) (internal quotations omitted)). These "naked assertions" of wrongdoing should fail because they are "no more than conclusions" and "are not entitled to the assumption of truth." *Francis*, 588 F.3d at 193, (quoting *Twombly*, 550 U.S. at 557 and *Iqbal*, 556 U.S. at 679 (internal quotations omitted)).

### III.  ARGUMENT

Plaintiff's claims against DMOC should be dismissed pursuant to Rule 12(b)(6) and West Virginia's "Limitations on Product Liability Actions; Innocent Seller" ("Innocent Seller") because Plaintiff has not alleged sufficient facts to state a cause of action against DMOC. Rather, Plaintiff has asserted vague and conclusory allegations against DMOC for purposes of fraudulently joining DMOC to this case to defeat the diversity jurisdiction of this Court. *See* Compl. at Counts IV and V (Doc. 1-1).

West Virginia's Innocent Seller statute limits causes of actions against sellers in product liability cases. W.Va. Code §55-7-31. The statute defines product liability actions as:

> **any civil action brought against a manufacturer or seller of a product, based in whole or in part on the doctrine of strict liability in tort**, for or on account of personal injury, death or property damage caused by or resulting from:
> (A) The manufacture, construction, design, formula, installation, preparation, assembly, testing, packaging, labeling, marketing, or sale of a product;
> (B) The failure to warn or protect against a danger or hazard in the use, misuse or unintended use of a product; or
> (C) The failure to provide proper instructions for the use of a product.

W.Va. Code §55-7-31(a)(4) (emphasis added). In this case, Plaintiff makes strict liability and negligence claims against DMOC, clearly implicating the Innocent Seller statute. *See* Compl. at Counts IV and V.[2]

The statute defines a "seller" as "a wholesaler, distributor, retailer, or other individual or entity, other than a manufacturer, that is regularly engaged in the selling of a product whether the sale is for resale by the purchaser or is for use or consumption by the ultimate consumer." W.Va. Code §55-7-31(a)(5). As alleged in Plaintiff's Complaint, DMOC is a "seller" of the product in this product liability action, the 2019 Dodge Ram. *See* Compl. at ¶¶ 10, 92.

Furthermore, the Innocent Seller statute prohibits a cause of action against a seller of a product except under narrow exceptions.[3] Of the thirteen listed exceptions, Plaintiff has not alleged that any of the exceptions apply to DMOC. When read in its entirety, the vague allegations asserted against DMOC fail to state a claim upon which relief can be granted because Plaintiff adds no plausible factual allegations to fit within the exceptions of W.Va. Code §55-7-31(b).

---

[2] Plaintiff has also alleged strict liability, negligence, and breach of warranty causes of action against FCA US. *See* Compl. (Doc. 1-1).
[3] W.Va. Code §55-7-31(b) lists thirteen distinct exceptions that would allow a plaintiff to file a product liability action against a seller.

4

To the contrary and with respect to the subject Ram truck, DMOC has no knowledge of any of the defects alleged in the Complaint—the service of the Complaint was DMOC's first notice of such allegations; DMOC did not make any express warranty with regard to the subject vehicle that was independent of any express warranty made by FCA US; DMOC did not make any alteration, modification or installation on the subject vehicle; DMOC did not remove or fail to convey any labels, warnings or instructions on the subject vehicle: DMOC did not rebrand or repackage the subject vehicle; and DMOC did not exercise substantial control over any aspect of manufacture, construction, design, formula, installation, preparation, assembly, testing, labeling, warnings, or instructions for the subject vehicle. *See* Declaration of T.J. Henson, ¶¶ 4–14 (Doc. 1-4).[4] Rather, DMOC used reasonable and product-appropriate care in maintaining, storing and transporting the subject Ram truck, and its involvement with the truck was limited to customary activities related to selling a vehicle. *Id.* at ¶¶ 4–5, 10. DMOC's conduct does not fit within an exception to the Innocent Seller statute, and even if it did, it is not alleged, nor could it be plausibly alleged, in Plaintiff's Complaint. *See id.* ¶¶ 4–14. Accordingly, the Innocent Seller statute prohibits Plaintiff's claims against DMOC.

Pursuant to Rule 12(b)(6) and the federal plausibility standard, Plaintiff must have articulated facts in her Complaint that, if accepted as true, show that she has stated a claim entitling relief. Fed. R. Civ. P. 12(b)(6); *Twombly*, 550 U.S. at 557. Instead, Plaintiff's two claims against DMOC set forth in Plaintiff's Complaint are expressly prohibited by West Virginia's Innocent Seller statute because Plaintiff failed to allege an enumerated exception to the statute. W.Va. Code §55-7-31. Moreover, Plaintiff has not alleged any other plausible causes of action against DMOC,

---

[4] DMOC is not a controlled subsidiary of FCA US. Declaration of T.J. Henson, ¶ 13.

as Plaintiff's alleged theories against DMOC, even if accepted as true, are vague and unsupported by any set of plausible facts. *Iqbal*, 556 U.S. at 679.[5]

For the reasons set forth in FCA US's Notice of Removal (Doc. 1) and those provided herein, DMOC has been fraudulently joined to this action to defeat diversity and such an attempt is precisely what the "Innocent Seller" statute intended to prevent. Moreover, pursuant to Rule 12(b)(6), Plaintiff's Complaint fails "to state a claim upon which relief can be granted."

## IV. CONCLUSION

WHEREFORE, this Defendant, DMOC, respectfully requests that this honorable Court dismiss DMOC from this civil action, with prejudice and as a matter of law, on the grounds that Plaintiff's Complaint fails to state a claim against DMOC upon which relief can be granted.

Respectfully submitted,

/s/ *Tyler D. Gordon*
Andrew B. Cooke (WVSB #6564)
Mitchell M. Tuggle (WVSB #12577)
Tyler D. Gordon (WVSB #13886)
THOMAS COMBS & SPANN, PLLC
300 Summers Street, Suite 1380 (25301)
P.O. Box 3824
Charleston, WV 25338-3824
Tel:    304.414.1800
Fax:   304.414.1801
Email: acooke@tcspllc.com
            mtuggle@tcspllc.com
            tgordon@tcspllc.com

---

[5] Counts IV and V, are simply a cut and paste attempt to implicate DMOC, by slightly altering allegations to refer to "selling a vehicle" rather than "designing and manufacturing" a vehicle. (Doc. 1-1). Count V in the Complaint ("Strict Liability – Negligence") is unclear as written. *See* Syl Pt. 1, Atkinson v. Harman, 151 W.Va. 1025, 158 S.E.2d 169, 171 (W.Va. 1967). Further, West Virginia common law establishes that DMOC had no duty under the circumstances of the sale herein, as DMOC merely sold the vehicle and performed limited routine inspections related to a new vehicle sale. Declaration of T.J. Henson, ¶ 5 (Doc. 1-4); *Valerio v. Penske Truck Leasing Co., L.P.*, Civil Action No. CCB-06-2436, 2009 U.S. Dist. LEXIS 49979, at *26 (D. Md. June 5, 2009).

6

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

APRIL L. CANTERBURY, ADMINISTRATRIX
OF THE ESTATE OF CHRISTOPHER
CANTERBURY, DECEASED,

    Plaintiff,

v.                                                      CIVIL CASE NO: 2:21-cv-00017
                                                             (Judge Thomas E. Johnston)

FCA US LLC f/k/a CHRYSLER GROUP,
LLC, et al.,

    Defendants.

## **CERTIFICATE OF SERVICE**

      I, Tyler D. Gordon, counsel for the Defendants, certify that on the 14th day of January, 2021, the foregoing ***DEFENDANT, DUTCH MILLER OF CHARLESTON INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS*** was served upon the following counsel of record through the CM/ECF system:

                Greg K. Smith (WVSB #7229)
                Barry C. Marcum (WVSB #13805)
                LAW OFFICE OF GREG K. SMITH, PLLC
                P.O. Box 1037
                Williamson, WV 25661
                Tel: 304.235.0405
                E-mail: gks0405@frontier.com
                  *Counsel for Plaintiff*

                  /s/ *Tyler D. Gordon*
                Andrew B. Cooke (WVSB #6564)
                Mitchell M. Tuggle (WVSB #12577)
                Tyler D. Gordon (WVSB #13886)
                THOMAS COMBS & SPANN, PLLC
                300 Summers Street, Suite 1380 (25301)
                P.O. Box 3824
                Charleston, WV 25338-3824
                Tel:   304.414.1800
                Fax:  304.414.1801
                Email: acooke@tcspllc.com
                          mtuggle@tcspllc.com
                          tgordon@tcspllc.com