IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

APRIL L. CANTERBURY,
*Administratrix of the Estate of*
Christopher Canterbury, *Deceased*

        Plaintiff,

v.              CIVIL ACTION NO.   2:21-cv-00017

FCA US LLC *and formerly known as*
Chrysler Group, LLC, et al.,

        Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Dutch Miller of Charleston, Inc.'s ("Dutch Miller") Motion to Dismiss. (ECF No. 5.) For the reasons that follow, Dutch Miller's motion is **GRANTED**.

*I.*  **BACKGROUND**

This action arises out of a fatal, single-vehicle accident that occurred on March 20, 2019. (ECF No. 1–1.) On or about October 24, 2018, American Electric Power purchased a 2019 Dodge Ram from Dutch Miller. (*Id.* at ¶ 10.) The Dodge Ram was designed, manufactured, assembled, sold, and distributed by Defendant FCA US, LLC ("Chrysler"). (*Id.* at ¶ 9.) Christopher Canterbury, decedent, was operating the Dodge Ram while working for American Electric Power on March 20. (*Id.*) According to the Police Accident Report, the decedent "was attempting to negotiate a narrow section of driveway from a recent slip of the hillside when the tires slipped off the edge of the roadway. This caused the rest of the vehicle to slide from the

driveway down a steep embankment." (*Id.* at ¶ 13.) The Dodge Ram then rolled "at least twice" down the embankment before coming to a rest. (*Id.* at ¶ 14.) According to the Police Accident Report, the decedent received fatal injuries and was declared deceased at the scene. (*Id.* at ¶ 15.)

Plaintiff April Canterbury, Administratrix of the Estate of Christopher Canterbury, ("Plaintiff") initiated this action in the Circuit Court of Kanawha County, West Virginia, on December 1, 2020. (*See id.*) Plaintiff has brought five causes of action in her complaint: (I) Strict Liability, Wrongful Death; (II) Negligence, Wrongful Death; (III) Breach of Warranty, Wrongful Death; (IV) Strict Liability, Wrongful Death; and (V) Strict Liability, Negligence. (*Id.*) Only Counts IV and V are brought against Dutch Miller.

On January 7, 2021, Chrysler removed this action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (ECF No. 1.) In support of removal, Chrysler asserted that Dutch Miller was fraudulently joined to attempt to defeat diversity jurisdiction. (*Id.* at 1–2.) Thereafter, on January 14, Dutch Miller filed the instant motion to dismiss. (ECF No. 5.) No response has been filed by Plaintiff.

## II. LEGAL STANDARD

A pleading must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *see McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 585 (4th Cir. 2015) (stating that this requirement exists "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To withstand a motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must plead enough facts "to state a claim to relief that is plausible on its face." *Wikimedia Found. v. Nat'l Sec. Agency*, 857

F.3d 193, 208 (4th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Stated another way, the factual allegations in the complaint "must be sufficient 'to raise a right to relief above the speculative level.'" *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (quoting *Twombly*, 550 U.S. at 555). Well-pleaded factual allegations are required; labels, conclusions, and a "formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555; *see also King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016) ("Bare legal conclusions 'are not entitled to the assumption of truth' and are insufficient to state a claim." (quoting *Iqbal*, 556 U.S. at 679)).

In evaluating the sufficiency of a complaint, this Court first "identif[ies] pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. This Court then "assume[s] the[ ] veracity" of the complaint's "well-pleaded factual allegations" and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.* Review of the complaint is "a context-specific task that requires [this Court] to draw on its judicial experience and common sense." *Id.* "[T]o satisfy the plausibility standard, a plaintiff is not required to plead factual allegations in great detail, but the allegations must contain sufficient factual heft to allow a court, drawing on judicial experience and common sense, to infer more than the mere possibility of that which is alleged." *Nanni v. Aberdeen Marketplace, Inc.*, 878 F.3d 447, 452 (4th Cir. 2017) (internal quotation marks omitted).

### III. DISCUSSION

Dutch Miller argues that Plaintiff has failed to state a claim against it, and instead has asserted "vague and conclusory allegations" against it for the purpose of defeating diversity jurisdiction through fraudulent joinder. (ECF No. 6 at 3.) Moreover, Dutch Miller argues that West Virginia's Innocent Seller Statute, W. Va. Code § 55-7-31, limits causes of actions against sellers in product liability cases. (*Id.* at 4.) As noted, Plaintiff has not responded to Dutch Miller's motion.

Plaintiff's failure to respond would seem to indicate that she has abandoned her claims against Dutch Miller. S*ee Brevard v. Racing Corp. of West Virginia*, Civ. Action No. 2:19-cv-578, 2020 WL 1860713 at *8 (S.D. W. Va. Apr. 13, 2020); *Taylor v. Clay Cty. Sheriff's Dep't*, No. 2:19-cv-00387, 2020 WL 890247, at *2 (S.D. W. Va. Feb. 24, 2020) (finding the plaintiff abandoned their claims because they failed to address the defendants' arguments); *Blankenship v. Necco, LLC*, No. 2:16-cv-12082, 2018 WL 3581092, at *9 (S.D. W. Va. July 25, 2018) ("The failure to respond to arguments raised in a motion . . . can indicate that the non-moving party concedes the point or abandons the claim."). Yet, even if Plaintiff had responded, it would have been to no avail.

West Virginia's Innocent Seller statute defines a "product liability action," as follows:

> any civil action brought against a manufacturer or seller of a product, based in whole or in part on the doctrine of strict liability in tort, for or on account of personal injury, death or property damage caused by or resulting from:
>
> > (A) The manufacture, construction, design, formula, installation, preparation, assembly, testing, packaging, labeling, marketing or sale of a product;
> >
> > (B) The failure to warn or protect against a danger or hazard in the use, misuse or unintended use of a product; or

>> (C) The failure to provide proper instructions for the use of a product.

W. Va. Code § 55-7-31(a)(4). The statute defines a "seller" as "a wholesaler, distributor, retailer, or other individual or entity, other than a manufacturer, that is regularly engaged in the selling of a product whether the sale is for resale by the purchaser or is for use or consumption by the ultimate consumer." W.Va. Code §55-7- 31(a)(5). The complaint clearly implicates the Innocent Seller statute, as Plaintiff has brought strict liability and negligence claims stemming from the death of Christopher Canterbury against Dutch Miller, a seller under the statute. (*See* ECF No. 1–1 at ¶¶ 10, 92.)

The Innocent Seller statute prohibits a cause of action against a seller of a product except in thirteen narrow circumstances. W. Va. Code § 55-7-31(b). Of these exceptions, Plaintiff has not alleged that any apply to Dutch Miller. (*See* ECF No. 1–1.) Therefore, because Plaintiff has not pled that any exception applies, the Innocent Seller statute prohibits her claims against Dutch Miller. Even accepting all of Plaintiff's factual allegations as true, Plaintiff has not stated a claim entitling her to relief against Dutch Miller. Thus, for the foregoing reasons, Dutch Miller's motion is **GRANTED**.

### IV. CONCLUSION

For the above reasons, Dutch Miller's motion to dismiss, (ECF No. 5), is hereby **GRANTED**. Dutch Miller is **DISMISSED** from this action, with prejudice.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      March 17, 2021

_____
THOMAS E. JOHNSTON, CHIEF JUDGE